Good morning, Your Honors, and may it please the Court, I'm Philip Brooks, appearing on behalf of Mr. Cervantes. Unless the Court has another direction to point me in, my intention is to address the Apprendi issue this morning and submit the other two issues in our brief on the briefing. And then I would like some guidance with the Court with pronunciation. An important case in this discussion is United States v. Tighe. My intention is to call it United States v. Tighe, but I hope that's right. Well, the use of Mr. Cervantes' two juvenile adjudications as strike priors in this case means that he has been sentenced to a sentence of 50 years to life imprisonment rather than the maximum of 20 years determinant term that he could otherwise have received. So it's obviously our contention that under Apprendi, and especially in light of Tighe, that this is a Sixth Amendment violation. Is the law clearly established on that issue, the Supreme Court authority on that issue firmly established, in terms of the specific issue regarding use of juvenile adjudications to enhance a sentence? Well, that brings us, I guess, to what I think is the biggest obstacle to my winning this case, which is... Boyd. Boyd v. Newland, and that's exactly what I was just going to get to. As another three-judge panel, we're bound to follow Boyd if we would reach a different conclusion. That's right. So where does that leave us? Well, as the famous legal commentator Bernard Witkin in California once said, an intermediate appellate court may be bound, but it's not gagged. And so it's my hope, Your Honor, that at some point an en banc panel, or perhaps the U.S. Supreme Court itself, may indicate that Tighe is correct and that the other cases are wrong. But until that time, what I'd like to do this morning, even though I know the panel can't itself overrule Boyd, is to indicate our reasons why we think that Tighe is correct and the other cases are incorrect, and that actually it's our position that it's so much that way, that Tighe is so correct and the other cases are so incorrect that there really isn't a conflict on the law in this area. And so in the spirit of Bernard Witkin, I'd like to proceed in that direction. The cases which have disagreed with Tighe basically fall into two groups. First, there's the group like United States v. Smalley and United States v. Jones in the other circuits that say, well, although Apprendi didn't specifically mention a juvenile conviction as an exception to its rule, we think juvenile convictions are good enough because they are reliable and because in McIver, the United States Supreme Court said that juveniles don't have a right to a jury trial. Now, we think that this is just a wrong rule. Now, we think that Tighe is faithful to Apprendi's holding because in Apprendi, the court said the reason a prior conviction can be used as an exception is that there was the right to a jury trial and we're under reasonable doubt and fair notice. But jury trial is specifically set out in Apprendi. Tighe recognizes that. And so Tighe doesn't announce a new rule. It merely follows the clear language of Apprendi. But in the cases that have disagreed with Tighe and say that a jury trial is not necessary, the courts take the position that, well, juvie adjudications these days are so reliable that they're good enough under Apprendi or, what shall we say, good enough for government work. And it's our position that that is just not correct. They say that they are reliable, that adjudication is reliable because the minor particularity in California has the right to subpoena witnesses, has the right to fair notice, proof beyond a reasonable doubt, of course. And so those adjudications are reliable. But the Supreme Court in Apprendi and in Jones didn't say that reliability was the criterion. In fact, they talked about how Justice Scalia and Thomas have repeatedly said that it's not so much the idea that a jury trial makes the conviction the most reliable thing you can obtain, but rather it makes sure that the judge derives his or her sentencing authority strictly from a finding that's been made by a jury. It's a question of who has the power in the government, and it's not a question of reliability. So we think that Smalley and Jones are wrong to rely on the notion that a juvenile adjudication can be used just because, in their opinion, it's reliable. The second reason, which we think is equally flawed, is that they say that juveniles have no right to a jury trial under Supreme Court jurisprudence, as announced in McIver v. Pennsylvania. And it's true that the Supreme Court said that it's lawful to adjudicate a minor, a delinquent, without affording them a right to a jury trial. But the Court made clear there that that's because the juvenile justice system is fundamentally different from the criminal justice system. A juvenile adjudication is not a criminal conviction. And bringing a minor before the court in juvenile court is not a criminal prosecution. The two systems have different objectives, and so they have different procedures. Is there even a conviction under California law for a juvenile adjudication? Is there a difference? Is there a conviction? Well, the Three Strikes Law says that a juvenile adjudication will count as a conviction. And doesn't the Three Strikes Law also give the defendant the right to have a jury trial at that point when it's going to be used, when the juvenile adjudication is about to be used to increase the sentence? Well, actually, Your Honor, that brings me to my second point. That's the second group of cases that have disagreed with Teig go off on that basis, that at least in California, and, in fact, that's what the district court said in this case, and that's what the California Court of Appeals said in this case. They said under Penal Code Section 1025, Mr. Cervantes had the right to a jury trial on the question whether he had suffered the juvenile adjudications. But in our viewpoint, that is a flawed analysis. It's not the question whether the person has suffered the adjudication. It's a question of whether the person has committed the prior conduct. In other words, if we analogize to other factors that are used for these purposes, like use of a firearm or an apprendi, hate bias or race bias, these are factual things that have to be presented to a court, and the court has to make a finding, and it's the conduct. It's not the adjudication. If it were only the fact of the adjudication, you know, we really have no defense to that. He was adjudicated. Let me ask you another more practical question. If we were to agree with you and decide and come to a conclusion that juvenile adjudications really should not be used to increase the sentence because they don't have all the same procedural safeguards as a jury trial for all the reasons you're arguing, we're on habeas, and that's a new rule, and wouldn't it be barred by Teague? No. I think I've addressed in our briefing why the apprendi has clearly established law under Williams v. Taylor for purposes of Section 2254. It's not really Teague that's the rule. Apprendi is the rule, and it was decided in 2000, of course, and Mr. Cervantes' last sentencing was in 2003. But Apprendi didn't address juvenile adjudications. It just said other than the fact of a prior conviction. Well, it's our position, Your Honor, that it did address the question because it said you have to have had the right to a jury trial, and a juvenile adjudication is not such an animal. There is no right to a jury trial, so it doesn't come within the Apprendi exception. And it's our observation, at least from our point of view, that the Supreme Court has been very, very careful to narrow the exception that they're talking about. And, in fact, as the Court is probably aware, in a couple of recent cases, Justices Scalia and Thomas have gone on record as saying that they're not so sure if Armendariz-Torres is going to last much longer, and they know that there's now a majority on the Court, and it's still the same majority, despite the two new judges, justices, to overrule Armendariz. But there's nothing we can do about that. I merely say that in order to indicate I think the Court means what it says in keeping this to be a narrow exception. And, as such, juvenile convictions can't come within it because they don't come within the language of Apprendi that says jury trial. I really think that covers the points that I wanted to cover, unless the Court has any other questions. All right. Thank you very much. May it please the Court, Lynn McGinnis, Deputy Attorney General for the Appellee. We would simply agree with everything the Court has indicated by its questions. The problem here is that Teague or Tye is the law of the circuit, and Boyd is the law of the circuit. And what we have here is Boyd, which is pretty clear, and one of Your Honors has cited Boyd and Tye, and that case basically says that because the law on this issue is so up in the air, as the Court can see from Blakely, Booker, and some other things that are coming down the pike, we don't know what sentencing things have to be proven to a jury anymore. It's totally in a state of flux. And the circuits have come to varying conclusions about whether a juvenile conviction can qualify as a prior conviction for purposes of Apprendi, Armandes, Torres, and United States v. Jones. And until the United States Supreme Court straightens it out, this Court has held that it's not unreasonable for the court of appeal to follow one line of authority and construe Apprendi in a certain way. So there's no way on federal habeas, unless this were a unique case, which it isn't where the Court totally ignored the record or something. On federal habeas, the question is whether it's an unreasonable application of United States Supreme Court precedent, a.k.a. Jones, Armandes, Torres, and Apprendi. And since the circuits can't agree on this issue, it wasn't unreasonable for the court of appeal to come to one conclusion as opposed to the other. And we would agree to the Court. It would be a new rule, because we don't have a rule right now about what a prior conviction is and whether a juvenile adjudication is a prior conviction. So it's a very interesting debate as to why a prior conviction is an exception, but this is not the forum to resolve the debate. You know, habeas is not the forum to resolve it. Ultimately, the United States Supreme Court will hopefully sort it out a little better. We would point out very briefly that if the court is inclined to take another look at TIG and obviously I don't think we can on habeas, but just very briefly, TIG was a little different because in that case, under the Armed Career Criminal Act, there was no right to a jury trial on the fact of the prior conviction, whereas California affords all the protections as far as a prior conviction or adjudication goes, whether it's a juvenile adjudication or a prior adult conviction, namely it has to be charged in the information proven beyond a reasonable doubt and the defendant has the right to the jury trial on the existence of the prior conviction. But that's pretty limited because since the juvenile adjudication really does lack a lot of the procedural safeguards that a jury trial has, the right to have a jury trial on whether or not there was the adjudication is far different than whether or not the underlying crime was actually committed. Well, that's true, Your Honor, but the issue, and this is what the Court of Appeal found in this case, the issue in a prior conviction enhancement or third strike or second strike or whatever is whether the defendant was the person who suffered the prior adjudication or conviction, not whether the conduct in that conviction was true beyond a reasonable doubt. So the defendant's already had a trial beyond a reasonable doubt, albeit not in front of a jury, on the conduct underlying the prior conviction. So when you get to the three strikes case and you look at whether it's a hate crime or not, that's an issue of fact relating to the current crime, which is whether it's a hate crime. And you have to prove that. In California, you have to prove that before the jury. But in the third strike prior conviction context, the issue isn't whether a defendant did what he was alleged to have done 10 years ago, but whether the prior exists. And that's the context in which the three strikes law looks at it, and that's what he has the right to a jury trial on because that's what the issue is in the prior conviction enhancement. In the hate crime enhancement, it's the issue of whether that current conduct is a hate crime. So we would distinguish it on that basis. But as I mentioned, in the people's opinion, it's not necessary to go there because we are on federal habeas, and ultimately the circuit will probably face a direct appeal where the prior is from California or some other state where there is a jury trial in the prior. And then there will be an opportunity to decide whether TIG extends to that situation. But federal habeas isn't the vehicle for doing that. So that would be our position on that issue. And before we submit, I would just ask if the court had any questions on any of the other issues that were raised in the appeal. No, I think not. Well, with that, we would submit. Thank you. Counsel, you did use all of your time, so there is no rebuttal time remaining. The case just argued is submitted.
judges: Graber, Wardlaw, Rawlinson